IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-581-H

BRADLEY KIRK BLISS,

    Plaintiff,

v.

                           **ORDER**

UNITED STATES OF AMERICA
VETERANS ADMINISTRATION,

    Defendant.

This matter is before the court on defendant's motion to dismiss. Plaintiff has responded, and this matter is ripe for adjudication.

Plaintiff, proceeding pro se, brings this action alleging medical negligence against the United States Department of Veterans Administration ("VA") resulting from the surgical removal of what he refers to as "tumors" on his body. His allegations include, among other things, improper patient consults, assessments, procedure and policy leading to incorrect

surgery, coercion to undergo surgery, lack of informed consent prior to surgery and incorrect surgical procedure.

Plaintiff filed an administrative tort claim with the VA on February 10, 2011, which was denied on April 29, 2011. Following denial of his request for reconsideration, plaintiff filed the complaint in this court on October 23, 2012.

The United States has sovereign immunity unless it waives that immunity, and even if it does waive immunity, it may be sued only to the extent of the terms of the waiver. United States v. Sherwood, 312 U.S. 584, 586 (1941). The Federal Torts Claims Act (FTCA) provides a limited waiver of sovereign immunity for a tort committed by a government employee within the scope of his employment. The limited waiver provides that the United States may be held liable only to the extent that a "private person would be held liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150, 152-53 (1963). Since the acts alleged in the instant case occurred in North Carolina, North Carolina law applies to plaintiff's FTCA claim.

In North Carolina, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j), which requires that a plaintiff include in his complaint an

2

assertion that an expert in the same field as the allegedly negligent medical provider's field of practice reviewed the medical care at issue and is willing to testify that the treatment did not comply with the applicable standard of care. See N.C. Rule Civ. P. 9(j). Failure to comply with Rule 9(j) is grounds for dismissal. Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001); Alfaro v. United States, No. 5:09-CT-3073-D, 2011 WL 561320 (E.D.N.C. 2011); Thigpen v. Ngo, 355 N.C. 198, 202 (2002).

Plaintiff seeks to hold the United States liable for personal injury arising out of the furnishing or failure to furnish medical services provided by the VA. Because plaintiff's claims sound in medical malpractice, he must comply with the certifications requirements of Rule 9(j). See N.C. R. Civ. P. 9(j); N.C. Gen. Stat. § 90-21.11 (defining "health care provider" and "medical malpractice action").

Plaintiff has failed to comply with Rule 9(j), and therefore his complaint must be dismissed.

3

Case 5:12-cv-00581-H   Document 12   Filed 06/17/13   Page 3 of 4

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The clerk is directed to close this case.

This 17th day of June 2013.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4